**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4147**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARONE FREDERICK ELIJAH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, Chief District Judge.  (4:15-cr-00070-D-1)

Submitted:  January 29, 2018                         Decided:  February 28, 2018

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Providence Napoleon, ALLEN & OVERY LLP, Washington, D.C., for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larone Frederick Elijah pled guilty, without a plea agreement, to possession with intent to distribute cocaine, heroin, and 3,4 methylenedioxy-N-ethylcathinone, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court sentenced Elijah to 108 months' imprisonment, a downward variance from the career offender Guidelines range calculated by the district court. Elijah appeals, challenging the denial of his motion to suppress evidence seized pursuant to a June 2015 search of his rental car, as well as statements he made as a result of the search. On appeal, he also argues that the district court erred in calculating his Guidelines range, specifically by designating him a career offender. We affirm.

Turning first to Elijah's appeal of the denial of his motion to suppress, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Haring v. Prosise*, 462 U.S. 306, 321 (1983). Rule 11(a)(2) of the Federal Rules of Criminal Procedure provides an exception, permitting a defendant who pleads guilty to preserve his right to appeal an adverse ruling on a pretrial motion, but only if he enters a conditional guilty plea. *United States v. Abramski*, 706 F.3d 307, 314 (4th Cir. 2013), *aff'd on other grounds*, 134 S. Ct. 2259 (2014).

"[A]bsent a valid conditional guilty plea, we will dismiss a defendant's appeal from an adverse pretrial ruling on a non-jurisdictional issue." *Id*. (internal quotation

marks omitted). In this case, Elijah pled guilty without the benefit of a plea agreement and, more importantly, without entering a conditional guilty plea pursuant to Rule 11(a)(2). At the first plea hearing, upon learning that Elijah was pleading guilty based upon the mistaken notion that his guilty plea would preserve his right to appeal the denial of his motion to suppress, the district court refused to accept the guilty plea, explained that a valid unconditional guilty plea waives appeal of antecedent nonjurisdictional defects, and continued the proceedings to enable Elijah to consult with his attorney and for defense counsel to possibly negotiate a plea deal with the Government that preserved Elijah's right to appeal the suppression order. Elijah was unable to strike such a deal with the Government.

Upon convening the second plea hearing, the district court took pains to reiterate to Elijah that, if his guilty plea was accepted, any nonjurisdictional defects would be waived and, specifically, that this court would not review the denial of his motion to suppress. Elijah stated under oath that he understood. Furthermore, the court questioned defense counsel to ensure counsel was satisfied that Elijah understood that his guilty plea would waive nonjurisdictional defects occurring prior to the entry of the guilty plea. Counsel confirmed that Elijah understood this and volunteered that, not only did counsel discuss Rule 11(a)(2) with his client and provide him with a copy of the rule, but Elijah conducted his own research into the matter.

Despite these clearly established facts, Elijah insists that he did not understand that, when he pled guilty, he relinquished the right to challenge the denial of his motion to suppress. However, absent extraordinary circumstances, "the truth of sworn

3

statements made during a Rule 11 colloquy is conclusively established." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005); *accord United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003) ("[A]n appropriately conducted Rule 11 colloquy can only serve meaningfully if the court is entitled to rely on the defendant's statements made under oath to accept a guilty plea."). We conclude that Elijah's knowing and voluntary unconditional guilty plea waived his right to appeal the denial of the motion to suppress.

Next, Elijah challenges his career offender designation. The Government contends that, even if the district court erred in determining that Elijah was a career offender, the sentence may be affirmed because the district court announced the same sentence as an alternative variant sentence which is supported by the record. We agree.

When a sentencing court imposes a Guidelines sentence and states that it would impose the same term as an alternative variant sentence, "rather than review the merits of each [Guidelines] challenge[], we may proceed directly to an 'assumed harmless error inquiry.'" *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (quoting *United States v. Hargrove*, 701 F.3d 156, 162 (4th Cir. 2012)). An error in the calculation of the Guidelines is harmless if: "(1) 'the district court would have reached the same result even if it had decided the guidelines issue the other way,' and (2) 'the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" *Gomez-Jimenez*, 750 F.3d at 382 (quoting *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011)).

Here, citing *Gomez-Jimenez* and *Hargrove*, the district court explicitly stated that it would have imposed the same 108-month sentence even if it miscalculated Elijah's

4

advisory Guidelines range. We conclude that this statement satisfies the first step of the harmlessness inquiry. *Gomez-Jimenez*, 750 F.3d at 383.

The second step of the inquiry is whether Elijah's sentence would be reasonable even if the Guidelines issues were decided in Elijah's favor—or, in other words, whether Elijah's 108-month sentence is substantively reasonable. *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017). The record reveals that the district court carefully reviewed the 18 U.S.C. § 3553(a) (2012) sentencing factors. The district court expressly rejected the Government's request for a sentence within the 151- to 188-month career offender Guidelines range calculated by the court, and Elijah's argument for a 10- to 16-month sentence, finding that a 108-month sentence was sufficient, but not greater than necessary, to promote respect for the law and provide just punishment. Given the district court's reasoning and the deferential standard of review we apply when reviewing criminal sentences, *see Gall v. United States*, 552 U.S. 38, 51, 59-60 (2007), we conclude that Elijah's sentence would be substantively reasonable even if the disputed Guidelines issues were resolved in his favor, *see Savillon-Matute*, 636 F.3d at 123-24. Thus, even assuming for the sake of argument that the district court erred in its Guidelines calculations, in light of the district court's alternative variant sentence, such error is harmless.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5